FARMER et al. v. SCHWEYER (two cases).

Patent Appeal Nos. 3177, 3178.

Court of Customs and Patent Appeals.

Feb. 26, 1934.

See, also, 58 F.(2d) 1056.

Synnestvedt & Lechner, of Philadelphia, Pa. (Edward H. Davis, of Philadelphia, Pa., Wm. M. Cady, of Pittsburgh, Pa., and Paul Synnestvedt, of Philadelphia, Pa., of counsel), for appellants.

Church & Church, of Washington, D. C. (Melville Church and C. B. Des Jardins, both of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

These are appeals from decisions of the Board of Appeals of the United States Patent Office, affirming decisions of the Examiner of Interferences, awarding priority of invention to appellee in each of the above-entitled interferences.

The record is the same in both appeals, and, inasmuch as the cases are very closely related, they will be disposed of in a single opinion; each appeal, however, being considered separately.

### Appeal No. 3177.

This appeal, interference No. 56,740, involves appellee's application, serial No. 698,533, filed March 11, 1924, for improvements in automatic brake apparatus, and an application by appellants, serial No. 692,970, for improvements in train control apparatus, filed February 15, 1924, renewed November 3, 1926.

Appellee in this case is the junior party, and the burden of proof was upon him to establish priority of invention by a preponderance of evidence.

The invention relates to automatic train control apparatus and, for the purposes of this opinion, is sufficiently described in the counts in issue, which read as follows:

"1. In an automatic train control apparatus, the combination with a brake application valve device, of a pilot valve for controlling the operation of said application valve device and means operative in accordance with the traffic conditions for controlling the operation of said pilot valve device.

"2. In an automatic train control apparatus, the combination with a brake pipe, of means operative under some conditions for effecting a continuous reduction in brake pipe pressure and under other conditions for effecting a reduction in brake pipe pressure in two stages."

Both tribunals of the Patent Office found that appellants had established conception of the invention as of October 23, 1923, and reduction to practice as of their filing date, February 15, 1924, and that appellee had established conception of the invention as of January 1, 1922, and reduction to practice as of his filing date, March 11, 1924.

Appellee contends that appellants have not established any date of conception earlier than their filing date, which, as above stated, was February 15, 1924. In view of the conclusions which we have reached, it is im-

962

material whether appellants are awarded October 23, 1923, as their date of conception or whether they should be restricted to their filing date as claimed by appellee. It is admitted that appellee was the first to conceive the invention, and, if he was diligent in reducing the invention to practice from immediately prior to October 23, 1923, to his filing date, he is entitled to an award of priority.

█ It appears that on July 3, 1923, appellee wrote a letter to his attorney, Mr. Monroe Miller, of Washington, D. C., inclosing plans and specifications for "improved air brake mechanism" embracing the invention here in issue, and requested said attorney to prepare an application for a patent. Following this there was a great deal of correspondence between appellee and his said attorney relative to said application, as appears from the letters introduced in evidence by appellee.

It is claimed by appellants that the disclosure sent by appellee on said July 3, 1923, was inoperative, and that this is shown by appellee's letter of September 11, 1923, to Mr. Miller suggesting certain changes in the specification. Whether this is true or not is immaterial, for it is conceded that the suggestions contained in said letter of September 11, 1923, regarding changes in the specification, cured any defect in the disclosure of July 3, 1923, in this respect, so that there is no claim that appellee's device, as disclosed by September 11, 1923, was inoperative. As this date is prior to the date when appellee was chargeable with diligence, it is immaterial whether the disclosure of July 3, 1923, was inoperative or not. On September 20, 1923, Mr. Miller wrote appellee, stating he would make the suggested changes and corrections in the drawings.

On October 24, 1923, one day after appellants' date of conception, appellee wrote to Mr. Miller, suggesting changes in figure 11 of the drawings. On October 27, 1923, Mr. Miller wrote appellee a letter which contains the following statement:

"I note your suggestions as to the new application on which I am working, and believe that I can work in the addition proposed. * * * "

On November 30, 1923, appellee wrote Mr. Miller expressing the hope that he had so far prepared the air brake mechanism application that he (appellee) could get out pamphlets explaining its operation. This letter also contains the following statement:

"Perhaps you are still looking for $25.00 before you start this work. * * * "

The letter then urges that failure to send the $25 should not delay the work, and assures Mr. Miller that he will be paid in full for his services.

In reply to this letter, Mr. Miller wrote the following letter:

"December 1, 1923.
"Mr. D. Herbert Schweyer, 411 Trust Building, Easton, Pa.

"Dear Mr. Schweyer: In answer to your letter of 30th ult., I would say that I have been working on the new application, but have not been able to give same my continued attention to complete the specification and claims. However, I will concentrate on the case, and will make an effort to get the work completed in the next week.

"Yours very truly,
"Monroe E. Miller.
"mem—whm."

On December 18, 1923, Mr. Miller wrote appellee that the description in the new application was completed and that a copy would be sent to him in a day or two. On December 20, Mr. Miller wrote appellee in part as follows:

"Enclosed herewith I hand you a carbon copy of the description forming a part of the new application on which I have been working, and I also enclose new prints of the sheets of drawings containing Figs. 10, 11 and 12.

"Kindly read the description over carefully, in connection with the drawings, and make note of any errors or corrections necessary. Then advise me thereof, so that I may know that the description is correct, and in order that changes can be made if necessary."

On December 27, 1923, appellee wrote Mr. Miller inclosing a check for $50, and inclosed corrections of the description sent him by Mr. Miller in his letter of December 20.

On December 31, 1923, Mr. Miller wrote appellee in part as follows:

"Your letter of 27th inst. and $50.00 check received in reference to the new application on which I am working, and I will complete the application at the earliest possible moment, making the corrections suggested."

On January 21, 1924, appellee wrote Mr. Miller, stating he had been patiently waiting for the new application.

On March 1 Mr. Miller sent appellee the completed application for his approval and signature.

On March 3, 1924, appellee returned to Mr. Miller the application signed by him, and on March 11 the application was filed.

Appellants claim that the application was unduly delayed by appellee's failure to make prompt remittance to his attorney for counsel fees.

We find nothing in the record to substantiate this claim. The attorney, Mr. Miller, testified that he did not neglect the case, and there is nothing in his testimony or in his letters to appellee suggesting that he delayed his work of preparing the application by reason of appellee's failure promptly to remit his fees for said work.

In the case of Courson v. O'Connor et al., 227 F. 890, 894, decided by the Circuit Court of Appeals for the Seventh Circuit, it was held that an inventor "cannot be held accountable for the usual delays incident to the services of a busy patent solicitor, or even for the latter's unusual delays not amounting to actual negligence." Whether, to charge an inventor with lack of diligence by reason of the delays of his attorney, such attorney must have been actually negligent in delaying the work intrusted to him, we need not here determine. It is sufficient to say that, so far as appears from the record here before us, appellee's attorney proceeded with reasonable promptness in preparing and filing the application. .

The specification as filed covers 73 pages, and the claims cover 18 pages. It may be true, as claimed by appellants, that the device in issue could have been disclosed in a simpler manner, but appellee's attorney evidently was of the opinion that it was desirable to describe and show in the application the complete apparatus embodying the invention, and we cannot say that he should have done otherwise.

For the reasons stated, we find no error in the decision of the Board of Appeals in this interference.

### Appeal No. 3178.

This interference, No. 56,741, involves a reissue patent to appellants and an application by appellee. Appellants' reissue patent, No. 16,814, was issued December 13, 1927, upon an application filed January 28, 1927. Said patent No. 16,814, was a reissue of appellants' patent No. 1,553,603, issued September 15, 1925, upon an application filed August 20, 1924.

Appellee's application, serial No. 698,533, was filed March 11, 1924, and is the same application involved in appeal No. 3177. At the time said patents were issued to appellants, appellee's application was pending; therefore said patents were inadvertently issued.

The counts in issue are two in number, and read as follows:

"1. In an automatic train control apparatus, the combination with a brake pipe, of means operative upon a change in the signal indication for at one time effecting a reduction in brake pipe pressure in a single stage and at another time in two stages.

"2. In an automatic train control apparatus, the combination with a brake pipe, of means operating in accordance with the character of the change in the signal indication for either effecting a reduction in brake pipe pressure in one stage or in two stages."

The invention in issue relates to improvements in train control apparatus, and is closely related to the invention the subject of appeal No. 3177, hereinbefore discussed. In view of the conclusion we have reached, it is unnecessary to refer to the details of the invention.

It is conceded that appellee was the first to conceive the invention, and, if appellants are confined to the filing date of the application for their original patent, No. 1,553,603, which was August 20, 1924, then appellee, whose filing date is March 11, 1924, was not only the first to conceive but also the first to reduce the invention to practice.

Appellants in their preliminary statement allege conception of the invention on or about December 14, 1923, and reduction to practice on or about January 10, 1924. Appellants did not establish an actual reduction to practice of the invention, but rely upon a constructive reduction to practice by the filing, on February 15, 1924, of an application (serial No. 692,970) for patent, which application, appellants claim, discloses the invention here in issue. This application is involved in interference No. 56,740, patent appeal No. 3177, decided in this opinion.

The Board of Appeals expressed doubt that the counts here in issue read upon said prior application, but found that diligence of appellee in reducing the invention to practice had been established from prior to December 14, 1923, the earliest date for conception that could be awarded to appellants under their preliminary statement, to March 11, 1924, the date of appellee's constructive reduction to practice.

It is conceded that the testimony in Pat-

ent Appeal No. 3177 as to diligence of appellee is applicable to this appeal.

Prior to December 14, 1923, and thereafter, appellee's attorney was engaged in the preparation of appellee's application here involved, and inasmuch as, in appeal No. 3177, upon the same evidence as is applicable here, we have held that there was no lack of diligence upon the part of appellee from a time prior to December 14, 1923, to appellee's filing date, March 11, 1924, a like conclusion must be reached here, as the same application of appellee is involved in both appeals.

It therefore becomes immaterial whether appellants are entitled to a constructive reduction to practice as of February 15, 1924. Assuming that they are so entitled, appellee being the first to conceive the invention, and being diligent in reducing it to practice from immediately prior to appellants' entry into the field to appellee's filing date, priority of invention must be awarded to appellee, and the Board of Appeals correctly so decided.

For the reasons stated herein, the decisions of the Board of Appeals in both appeals, No. 3177 and No. 3178, are affirmed.

Affirmed.